ABNER MILLS *v.* ROBERT F. WINSLOW.

The Marine Court, and the District or Justices' Courts, in the city of New York, are not "Courts of Justices of the Peace," within the meaning of the Code of Procedure. (*a*)

The seventy-first section of the Code, forbidding the commencement of actions upon judgments in any court of this state, except a court of a justice of the peace, without leave of the court, for good cause shown, on notice to the adverse party, applies to the Marine and Justices' Courts in the city of New York.

THIS action was brought in the Fourth District Court, upon a judgment of the same court, obtained therein by the plaintiff against the defendant. An objection was taken before the justice, to this jurisdiction, on the ground that no leave had been granted under § 71 of the Code, to commence the present suit. This objection was overruled. The plaintiff had judgment and the defendant appealed.

*R. F. Winslow*, appellant, in person.

*J. T. Mills*, for the respondent.

BY THE COURT. WOODRUFF, J.—The language of §§ 65, 66 and 351 of the Code of Procedure, as well as various provisions of the Revised Statutes, (among others, vol. 2, p. [267,] § [231,] 237, p. [224,] tit. iii.) and laws relating to the city of New York, show that "The Assistant Justices' Courts," now called "The Justices' Courts in the city of New York,"(*b*) and "The Marine Court," are not "Courts of Justices of the Peace," within the meaning of the Code.

---

(*a*) See *Jackson* v. *Whedon*, 1 E. D. Smith's C. P. R. 141.

(*b*) NOTE BY REPORTER.—By the first section of an act passed April 16, 1852, (Laws of 1852, p. 471,) it is provided that these courts shall be styled "The District Courts in the city of New York." They are, however, variously called "Assistant Justices' Courts," "Justices' Courts" and "District Courts."

We cannot think the case cited in support of the jurisdiction exercised in this cause, was decided upon careful attention to the difference of language used throughout the Code and previous laws in describing these courts. The opinion of the Superior Court in that case proceeds upon the assumption that the language of § 71 applied to courts called, in general terms, "Justices' Courts," and if so, it might plausibly be held to mean *all justices' courts*, whether courts of *assistant* justices or courts of justices of the peace. But this is not so. The exception is of a "Court of the Justice of the Peace," which an Assistant Justice's Court in the city of New York is not in our view of the Code and statutes above referred to.

Section 468 allows all rights of action, existing when the Code took effect, to be prosecuted *in the manner provided in the Code*. No right of action is taken away, but the manner of prosecution is regulated, and by § 71, leave of the court, on notice, must be had before suit is brought. This applies to all judgments in all courts, except Courts of Justices of the Peace, and includes the Marine Court and the Justices' Courts in the city of New York.

Section 53, subd. 7, giving jurisdiction, expressly limits it by the provisions of § 71, and although a judgment may be deemed a contract of the highest nature, under subdivision 1st, (of § 53,) subdivision 7th controls it, and renders leave of the court necessary before action brought.

No leave of the court having been obtained in this case, there was no jurisdiction, and the judgment must be reversed. As the plaintiff undoubtedly acted upon the decision heretofore made in the Superior Court when that was the Court of Appeal, and no defence on the merits was attempted, we would not give costs, if we had any discretion in the matter —but we have none. The reversal must, therefore, be with costs.

Judgment reversed.